UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

C L O S E D

CORRIS L. JACKSON, #156654,

    Plaintiff,

Civil No: 2:07-CV-10791
HON. ANNA DIGGS TAYLOR

v.

PATRICIA CARUSO, et. al.,

    Defendants.
_____/

## OPINION & ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES

Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that he was not properly credited certain points for his progression and/or completion of assignments and has been disciplined without cause during his incarceration. Plaintiff has also filed a motion to proceed without prepayment of the filing fee. See *28 U.S.C. §1915(a)(1).* On June 28, 2007, this Court issued an order requiring Plaintiff to show cause why his complaint should not be dismissed pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). Plaintiff filed a "Motion to Show Cause Why His Complaint Should not be Dismissed" on July 25, 2007. Although Plaintiff's filing is not timely, as Plaintiff's response to the Court's Order was due on July 23, 2007, nor is the pleading properly titled, the Court will accept Plaintiff's filing as a response to the Court's "Order to Show Cause" and will review it on the merits.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court may dismiss a case if, on three or more previous occasions, a federal court has dismissed the incarcerated plaintiff's action because it was frivolous or malicious or failed to state

a claim for which relief may be granted. 28 U.S.C. § 1915(g) (1996). The Court's database reveals that in this case Plaintiff has filed at least three prior cases in the United States District Courts for the Eastern and Western Districts of Michigan, which appear to have been dismissed with prejudice under one or more of the parameters set forth under 28 U.S.C. §1915(g).[1]

Within Plaintiff's responsive pleading to this Court's "Order to Show Cause," Plaintiff completely fails to address this issue, but instead argues the substance of his claim. A plaintiff may maintain a civil action despite having had three or more civil actions dismissed pursuant to 28 U.S.C. §1915(g) if the prisoner is "under imminent danger of serious physical injury." *28 U.S.C. §1915(g)*. To establish that his Complaint falls within the statutory exception to the three strikes rule, Plaintiff must have alleged that he was under imminent danger at the time that he sought to file his Complaint and proceed *in forma pauperis*. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subject to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir.1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F.Supp.2d 1074, 1077 (E.D.Wis.1999) (allegation of past physical injury is insufficient to meet statutory exception).

In this case, Plaintiff fails to allege that he is under "imminent" danger of future harm, but

---

[1]Section 1915(g) provides, in pertinent part:

"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this subsection if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *28 U.S.C. §1915(g).*

2

rather generally states that he should be free from cruel and unusual punishment and acts of retaliation despite the fact that he is a state prisoner. Plaintiff makes no allegations of any specific ongoing physical threats or attacks which would translate into an "imminent danger" set of circumstances. Therefore, his Complaint is subject to dismissal under the "three strikes" provision of 28 U.S.C. §1915(g).

**III. Conclusion**

The Plaintiff in this case has filed more than three civil rights complaints with this Court which have been dismissed because the complaints were frivolous or malicious or failed to state a claim upon which relief may be granted; and Plaintiff has failed to demonstrate that this case falls within the "imminent danger" exception to §1915(g).

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Complaint **[Doc. #1-1, filed February 22, 2007]** is **DISMISSED** pursuant to 28 U.S.C. §1915(g).

IT IS FURTHER ORDERED that Plaintiff's "Application to Proceed without Prepayment of Fees" **[Doc. #2-1, filed February 22, 2007]** is **DENIED**.

IT IS FURTHER ORDERED that should Plaintiff wish to pursue the allegations contained in his complaint, he must submit payment of the $350.00 filing fee within 30 days from the date of this Order. Upon receipt of the filing fee, the Court will re-open the case and review the complaint to determine whether it should be served or should be summarily dismissed under 28 U.S.C. § 1915A(b).

IT IS SO ORDERED

**s/Anna Diggs Taylor**
HONORABLE ANNA DIGGS TAYLOR
UNITED STATES DISTRICT COURT

Dated: August 7, 2007

---

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order of Dismissal was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on August 7, 2007.

Corris Jackson, #156654
Oaks Correctional Facility
1500 Caberfae Highway
Manistee, MI 49660-8902

s/Johnetta M. Curry-Williams
Case Manager
